DLD-027                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2188
_____

GJUNEJET ASAN,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A043-630-826)
Immigration Judge:  Eugene Pugliese

_____

Submitted For A Decision On Respondent's Motion
For Summary Denial Of The Petition For Review
October 25, 2012

Before: AMBRO, SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 11, 2012 )
_____

OPINION
_____

PER CURIAM

        Gjunejet Asan petitions for review of an order of the Board of Immigration

Appeals ("BIA") dismissing his appeal from the order of the Immigration Judge ("IJ")

denying his motion to reopen his removal proceedings.  The Government has filed a

motion for summary denial of the petition for review. We will grant the Government's motion and deny the petition for review.

Asan is a native and citizen of Macedonia who was a lawful permanent resident of the United States. In 2005, he was convicted in New Jersey state court of attempted endangerment of the welfare of a child. The Department of Homeland Security ("DHS") charged him with removability as an aggravated felon based on the conviction. On March 21, 2006, the IJ ordered Asan's removal. Asan waived his right to appeal, and DHS removed him to Macedonia on April 21, 2006.

Several years later, on May 14, 2010, the state court granted post-conviction relief and vacated Asan's conviction. On January 20, 2011, Asan filed with the IJ a motion to reopen his removal proceedings on the basis of the vacated conviction, noting that the sole charge of removability relied upon that conviction. The IJ denied the motion to reopen based on the post-departure bar of such motions contained in 8 C.F.R. § 1003.23(b)(1).[1] The IJ also denied Asan's motion to reconsider. While Asan's appeal to the BIA was pending, we issued our decision in Prestol Espinal v. Attorney General, 653 F.3d 213 (3d Cir. 2011). Asan argued to the BIA that the IJ erred in light of Prestol Espinal, in which we invalidated the post-departure bar of 8 C.F.R. § 1003.2(d) (which applies to motions to reopen filed with the BIA). The BIA dismissed Asan's appeal. The

_____

[1] As relevant here, under 8 C.F.R. § 1003.23(b)(1), a motion to reopen "shall not be made by or on behalf of a person who is the subject of removal, deportation, or exclusion proceedings subsequent to his or her departure from the United States."

2

BIA explained that Prestol Espinal invalidated the post-departure bar to the extent that it interferes with a petitioner's statutory right to file a timely motion to reopen, and, because Asan's motion was filed well beyond the ninety-day time limit for filing a motion to reopen, his case did not fall within the scope of Prestol Espinal. In the alternative, the BIA stated that even if it were to reach the merits of the motion to reopen, it would decline to reopen Asan's case sua sponte.

This petition for review followed. Although we generally lack jurisdiction over the BIA's discretionary decision declining to reopen a case sua sponte, see Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003), we have jurisdiction to review whether the BIA has applied an incorrect legal premise in its decision. See Pllumi v. Att'y Gen., 642 F.3d 155, 160 (3d Cir. 2011). Thus, we will examine the validity of the BIA's legal determination that the post-departure bar precluded agency review of Asan's motion to reopen. See Desai v. Att'y Gen., No. 11-3229, --- F.3d ---, 2012 WL 3570718, at *2 (3d Cir. Aug. 21, 2012).

The Government's motion for summary denial of Asan's petition for review relies on our recent decision in Desai. In Desai, the BIA held that it lacked jurisdiction under the post-departure bar of 8 C.F.R. § 1003.2(d) to consider an untimely motion to reopen filed by the alien after he had been removed. We agreed with the BIA's conclusion, clarifying that Prestol Espinal applies to invalidate the post-departure bar only when the alien's motion to reopen falls within statutory specifications. See Desai, 2012 WL 3570718, at *2. Thus, we held in Desai that that the BIA did not err in

3

concluding that it lacked jurisdiction to consider the untimely motion to reopen sua sponte, where there is no statutory basis for the filing of a motion to reopen sua sponte. See id. at *2-3. Here, although Asan submitted his motion to reopen to the IJ under 8 C.F.R. § 1003.23(b)(1), we agree with the Government's position that Desai applies with equal force to Asan's case, as the regulations governing motions to reopen before the BIA and the IJ are substantively identical. See Zhang v. Holder, 617 F.3d 650, 657 n.5 (2d Cir. 2010). As in Desai, we conclude that the holding of Prestol Espinal is unavailing to Asan, and the BIA did not err in applying the post-departure bar to Asan's untimely motion to reopen.

We have considered Asan's arguments that Desai is distinguishable on its facts, that Asan is entitled to equitable tolling because his conviction only recently was vacated, and that we should consider the issues raised in his brief notwithstanding the BIA's application of the post-departure bar. We find these contentions to be without merit. As here, the petitioner in Desai filed his untimely motion to reopen on the basis of a conviction that was invalidated after his removal. The number of convictions involved in Desai was irrelevant to the controlling issue of the application of the post-departure bar to an untimely motion to reopen. Equitable relief was not afforded to the petitioner in Desai, even though the invalidation of his conviction occurred a year after his removal. We declined to reach the merits of the motion to reopen in Desai, notwithstanding the BIA's alternative holding in that case. Similarly, we need not reach the alternative issues in Asan's petition for review.

4

Accordingly, we will grant the Government's motion and summarily deny the petition for review.