**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1145
_____

EMMANUEL ANIM,
a/k/a Charlse Anim a/k/a Enoch Roberts,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A047-376-232)
Immigration Judge: Honorable Barbara A. Nelson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2013
Before: SMITH, GREENAWAY, JR. and SHWARTZ, Circuit Judges

(Opinion filed: July 19, 2013)
_____

OPINION
_____

PER CURIAM

In 2011, Emmanuel Anim, a citizen of Ghana, was charged with (and conceded)

removability pursuant to 8 U.S.C. § 1227(a)(1)(A).[1]  He sought relief via an application for cancellation of removal.  See 8 U.S.C. § 1229b(b).  An Immigration Judge held, in part, that Anim was not entitled to relief as a matter of discretion.  See Administrative Record (A.R.) 55–56.  The Board of Immigration Appeals (BIA) dismissed Anim's appeal, affirming the decision on discretionary grounds while declining to comment upon Anim's statutory eligibility.  A.R. 37.  According to the BIA, Anim's "past immigration fraud" was a "serious adverse factor" that was not counterbalanced by his "expression of remorse and alleged cooperation with authorities."  A.R. 38.  In passing, the BIA disputed Anim's assertion (expressed in his appellate brief before the agency) that his naturalization fraud was "victimless."  A.R. 38 (referencing A.R. 73).

Anim did not petition for review, filing instead a timely motion to reopen.[2]  See 8 C.F.R. § 1003.2(c).  In it, he disavowed his prior description of his offense as "victimless."  A.R. 21.  Anim attached three pertinent exhibits: an affidavit that, inter alia, blamed the "victimless" aside on prior counsel; a letter from his son to the District Judge in his criminal case; and a letter from his pastor.  A.R. 26–34.

The BIA denied the motion, in part because Anim "ha[d] not shown that the evidence he wishes to present, including letters of support from his son and pastor . . . was unavailable at the removal hearing."  Otherwise, "[t]o the extent that [the] affidavit could be considered new and previously unavailable evidence, it [wa]s insufficient to warrant reopening of these

---

[1] The removal proceedings followed Anim's conviction in federal court for naturalization fraud.  See S.D.N.Y. Crim. No. 1:11-cr-00042.

[2] Because he did not file a timely petition for review of the BIA's merits decision, it is not before us. Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012).

proceedings." A.R. 4. Furthermore, the BIA indicated that it had "already considered [Anim's] expressions of remorse," but had found him "undeserving of discretionary relief, after taking into account all relevant factors." A.R. 4. Anim's request for reopening sua sponte also was denied. This petition for review followed.

"[B]efore we reach the merits of this appeal, we first must consider our jurisdiction." United States v. Jones, 994 F.2d 1051, 1054 (3d Cir. 1993); see also Kreider v. Cole, 149 F. 647, 649 (3d Cir. 1907). The discretionary denial of cancellation of removal is not subject to judicial review. See 8 U.S.C. § 1252(a)(2)(B)(i); Reynoso v. Holder, 711 F.3d 199, 210 (1st Cir. 2013); Patel v. Att'y Gen., 619 F.3d 230, 232 (3d Cir. 2010). Restrictions on appellate jurisdiction generally apply with equal force to the review of motions to reopen arising out of discretionary decisions. See Sorcia v. Holder, 643 F.3d 117, 119 (4th Cir. 2011); Fernandez v. Gonzales, 439 F.3d 592, 601 (9th Cir. 2006). However, we retain jurisdiction to review "colorable" constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(D); Pareja v. Att'y Gen., 615 F.3d 180, 186–87 (3d Cir. 2010). Thus, we may review a denial of a motion to reopen if the agency's action was contrary to law or rose to the level of a denial of due process, and did not otherwise rely on a discretionary rationale. See, e.g., Alzainati v. Holder, 568 F.3d 844, 850 (10th Cir. 2009) ("[I]f, in deciding a motion to reopen, the BIA refuses, contrary to established procedures, to consider new and pertinent evidence, due process rights are implicated.").

Anim argues that the BIA erred by characterizing his affidavit as evidence that was previously available (he does not allege that the agency's rejection of the two letters was also error). However, as discussed supra, the BIA explicitly held that it would have reached the

3

same discretionary decision even if the affidavit were "new." Thus, to the extent that this claim could be characterized as a legal argument, it cannot lead to relief, is not colorable, and does not bring the BIA's decision within our jurisdiction. Cf. Bachynskyy v. Holder, 668 F.3d 412, 420 (7th Cir. 2011).

Anim also maintains that the BIA erred by failing to exercise its sua sponte authority to reopen. "Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012) (internal quotation marks and citation omitted). Under two narrow exceptions to this rule, a decision to deny sua sponte relief can be reviewed if it is based on an incorrect legal premise, see id., or if the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening *sua sponte*" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006). Neither exception applies here.

For the foregoing reasons, we lack jurisdiction over this petition for review. Accordingly, we will dismiss it.