**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2770
_____

MOHAMED DIALLO, a/k/a MAMADOU DIALLO, a/k/a MICHAEL DRAMOU,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-594-637)
Immigration Judge:  Honorable Dorothy A. Harbeck
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2015

Before:  AMBRO, GREENAWAY, JR. and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Mohamed Diallo petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen. We will deny the petition in part and dismiss it in part.

Diallo is a citizen of Guinea. He entered the United States in 1993, using a passport and a tourist visa in the name "Michael Dramou." He was ordered removed in absentia in 2000. He filed a motion to reopen in 2001, which an Immigration Judge (IJ) denied. Diallo appealed to the BIA, which dismissed the appeal. Notwithstanding that order, in 2002 Diallo applied for derivative asylum through his then-wife, and the United States Citizenship and Immigration Service granted the application. Diallo thereafter adjusted his status to that of a lawful permanent resident.

In 2012, after leaving the United States, Diallo sought reentry as a returning lawful permanent resident. The Department of Homeland Security charged Diallo with being inadmissible as an alien who had obtained an immigration benefit by fraud or willful misrepresentation, see 8 U.S.C. § 1182(a)(6)(C)(i), and as an alien who did not possess a valid entry document, see § 1182(a)(7)(A)(i)(I). Diallo challenged both charges, and also applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Diallo appeared before an IJ and testified in support of his claims. As relevant here, he testified that he feared returning to Guinea both because of his Fulani ethnicity and his previous membership in a political group. He stated that members of Guinea's military had attacked his uncle in 1993 and his cousin in 2009. He also presented a great

2

deal of country-conditions evidence — including reports from the United States Department of State and Amnesty International — detailing discrimination and human-rights violations in Guinea. The IJ sustained the charges of inadmissibility and denied all relief to Diallo, concluding that he had not testified credibly, had not corroborated his allegations, and had failed to meet his respective burdens of proof for asylum, withholding of removal, and CAT protection.[1] Diallo appealed to the BIA, which dismissed the appeal on February 24, 2014. The BIA agreed with the IJ's analysis in all relevant respects. Diallo did not appeal the BIA's order.

Nearly a year later, on February 9, 2015, Diallo filed the motion to reopen that is at issue here, claiming that violence against Fulani people in Guinea had increased. In support of his motion, Diallo submitted a single document — Amnesty International's "Annual Report: Guinea 2013." The BIA denied Diallo's motion, concluding that the Amnesty International report had been available at the time of Diallo's initial hearing and did "not show that conditions have changed in Guinea for members of the Fulani ethnic group." A.R. at 3. The BIA also declined to reopen the proceedings sua sponte. Diallo filed a petition for review to this Court.

Diallo's petition for review is timely as to the BIA's denial of his motion to reopen, but not the BIA's underlying removal order. See 8 U.S.C. § 1252(b)(1). Thus,

---

[1] Further, the IJ concluded that, "even if Respondent had met his burden of establishing eligibility for asylum, he would be denied such relief as a matter of discretion based on his egregious history of making material misrepresentations to the U.S. government in order to obtain immigration benefits reserved for those who qualify as refugees under the

3

we have jurisdiction under 8 U.S.C. § 1252 to review only the BIA's denial of the motion to reopen. See Stone v. INS, 514 U.S. 386, 405 (1995). The BIA's decision is entitled to "broad deference," Fei Yan Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014) (quoting Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003)), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," id. (alteration in original) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

In general, a motion to reopen must be filed within 90 days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Diallo filed his motion to reopen nearly a year after the BIA entered the removal order in his case. However, the 90-day deadline does not apply to a motion that relies on evidence of "changed country conditions . . . [that] is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). Diallo invokes this exception.

The BIA did not abuse its discretion in denying Diallo's motion. In support of his motion, Diallo submitted only Amnesty International's 2013 annual report. However, Diallo submitted the same document (albeit in a slightly different format) in his initial proceedings. See A.R. at 783-84. He therefore cannot show that this evidence was previously unavailable; nor has he shown that the conditions in Guinea have changed since the time of his previous IJ hearing. See generally Pllumi v. Att'y Gen., 642 F.3d

---

law." A.R. at 129.

4

155, 161 (3d Cir. 2011). Thus, the BIA did not err in denying Diallo's motion.[2]

Diallo also argues that the BIA abused its discretion by refusing to reopen the case sua sponte; however, "[b]ecause the BIA retains unfettered discretion to decline to sua sponte reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012) (quoting Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003)). While there are two narrow exceptions to this rule — a decision to deny sua sponte relief can be reviewed if it is based on an incorrect legal premise, see id., or if the BIA has "restricted the exercise of its discretion by establishing a 'general policy' of reopening sua sponte" under specific circumstances, Cruz v. Att'y Gen., 452 F.3d 240, 249 (3d Cir. 2006) — neither exception applies here. Therefore, we will dismiss Diallo's petition insofar as it challenges the BIA's decision not to reopen sua sponte.

Accordingly, we will dismiss the petition for review in part and deny it in part.

---

[2] Diallo claims that the BIA failed to analyze whether he established changed country conditions, but, in fact, the BIA discussed this issue in detail in its opinion. Further, the BIA sua sponte considered the 2014 Department of State Country Report on Human Rights Practices, and concluded that it did not show that the treatment of Fulani people in Guinea has worsened. This represents a reasonable conclusion. Cf. Pllumi, 642 F.3d at 161.