**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1539
_____

MARDOQUEO MORAN-CARRILLO,
Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-117-870)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 19, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Filed: September 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se petitioner Mardoqueo Moran-Carrillo petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen. For the reasons detailed below, we will deny the petition for review.

Moran-Carrillo is a citizen of Guatemala. He entered the United States without inspection in May 2004 and was ordered removed in absentia later that year. In 2006 an Immigration Judge (IJ) permitted Moran-Carrillo to reopen his proceedings, and Moran-Carrillo applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Moran-Carrillo claimed that he had been harmed in the past by, and feared future harm from, Guatemalan gang members whose recruitment efforts he had resisted.

In February 2008, the IJ denied all relief. The IJ first concluded that the asylum application was untimely. The IJ further ruled that Moran-Carrillo had failed to establish that the gang members had persecuted him on account of a protected ground, which was fatal to his asylum and withholding claims. The IJ also denied Moran-Carrillo's CAT claim, concluding that he had failed to show that it was more likely than not that he would be tortured by, or at the instigation of or with the consent or acquiescence of, a public official or person acting in an official capacity for the government of Guatemala. Moran-Carrillo appealed, and the BIA dismissed the appeal in March 2009, agreeing with the IJ's reasoning in all respects. Moran-Carrillo did not file a petition for review to this Court.

In November 2015, Moran-Carrillo filed a motion to reopen. He claimed that he had recently discovered that he is bisexual and feared that he would be persecuted in Guatemala because of his sexual orientation. He also alleged that, on further reflection, the gang members in Guatemala had persecuted him not because he had refused to join their gang but because he is bisexual. The BIA denied the motion. The BIA first noted that the motion was untimely. The BIA further concluded that Moran-Carrillo had failed to present new evidence of changed country conditions in Guatemala. The BIA also concluded that Moran-Carrillo had not supported his motion with new evidence that could not have been presented at the initial hearing. Finally, the BIA declined to reopen sua sponte. Moran-Carrillo filed a petition for review in this Court

We have jurisdiction under 8 U.S.C. § 1252(a) to review the BIA's denial of Moran-Carrillo's motion to reopen.[1] The BIA's decision is entitled to "broad deference," Fei Yan Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014) (quoting Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003)), and "will not be disturbed unless [it is] found to be arbitrary, irrational, or contrary to law," id. (alteration in original) (quoting Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004)).

In general, a motion to reopen must be filed within 90 days of the entry of the final order of removal. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Moran-Carrillo filed his motion to reopen more than 6 years after the agency entered the removal

---

[1] We lack jurisdiction to review the underlying order of removal. See Stone v. INS, 514 U.S. 386, 405-06 (1995).

3

order in his case.  However, the 90-day deadline does not apply to a motion that relies on evidence of "changed country conditions . . . [that] is material and was not available and would not have been discovered or presented at the previous proceeding."  8 U.S.C. § 1229a(c)(7)(C)(ii).  Moran-Carrillo invokes this exception.

The BIA did not abuse its discretion in concluding that Moran-Carrillo did not satisfy this exception.  As the BIA concluded, Moran-Carrillo's allegation that he has recently realized that he is bisexual represents a change in personal circumstances that, standing alone, does not warrant reopening.  See Khan v. Att'y Gen., 691 F.3d 488, 497-98 (3d Cir. 2012).

While Moran-Carrillo could potentially prevail by presenting "evidence of changed country conditions that are relevant in light of [his] changed circumstances," Chandra v. Holder, 751 F.3d 1034, 1037 (9th Cir. 2014), the BIA did not err in concluding that he had failed to establish that conditions in Guatemala for bisexual individuals have changed since the time of his initial immigration proceedings.  The State Department reports disclose that conditions for the LGBT community have remained consistent over this period.  Compare United States Department of State, Guatemala Human Rights Report 22 (2014) (AR 98), with United States Department of State, Guatemala Country Reports on Human Rights Practices 14 (2006) (AR 429).  This conclusion is reinforced by the other evidence that Moran-Carrillo submitted to the BIA in support of his motion to reopen.  See Freedom House, Countries at the Crossroad 2012: Guatemala 7 (AR 181); International Human Rights Program, Country Report for

4

Use in Refugee Claims Based on Persecution Relating to Sexual Orientation and Gender Identity 3 (2010) (AR 198). Thus, the BIA did not abuse its discretion in concluding that Moran-Carrillo had failed to establish that the country conditions had changed. See Pllumi v. Att'y Gen., 642 F.3d 155, 161 (3d Cir. 2011) (holding that the BIA did not err in denying reopening where evidence did "not indicate meaningfully changed country conditions," but instead "suggest[ed] that the conditions described have persisted" (internal quotation marks omitted)).[2]

Accordingly, we will deny the petition for review.

---

[2] In light of this conclusion, we need not reach the BIA's alternative ruling that Moran-Carrillo failed to show that his bisexuality is a new fact that is supported by new evidence. See generally Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011). Further, based on his statements in his reply brief, we do not understand Moran-Carrillo to raise a claim that his counsel performed ineffectively. Because he did not raise that claim before the BIA, we would lack jurisdiction to review it. See 8 U.S.C. § 1252(d)(1); Bonhometre v. Gonzales, 414 F.3d 442, 447-48 (3d Cir. 2005). Finally, it does not appear that Moran-Carrillo challenges the BIA's refusal to reopen sua sponte. We would also lack jurisdiction to review that decision. See Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012).