**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2965
_____

PATRICK GELIN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A073 035 216)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016

Before: CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 21, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Patrick Gelin, proceeding pro se, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider the denial of his motion to reopen his immigration proceedings. For the reasons that follow, we will dismiss the petition for review.

Gelin is a native and citizen of Haiti. He entered the United States in 1990 without inspection and adjusted his status to a lawful permanent resident on a conditional basis in 1998. The conditions on residency were removed in 2002. The Department of Homeland Security issued a notice to appear in 2013 charging that Gelin was removable for having been convicted of an aggravated felony. Gelin was convicted in federal court of healthcare fraud and conspiracy to commit healthcare fraud and sentenced to 72 months in prison.

The Immigration Judge ("IJ") found Gelin, who proceeded pro se, removable and determined that he was eligible to seek a waiver under 8 U.S.C. § 1182(h), § 212(h) of the Immigration and Nationality Act. The IJ advised Gelin that he needed to readjust his status, which meant that his wife, a United States citizen, had to file a Petition for Alien Relative on his behalf. At the next hearing, Gelin told the IJ that he and his wife had divorced, that they were reinstating their marriage, and that his ex-wife had filed a petition on his behalf. The IJ found that Gelin could not readjust his status in light of the divorce and ordered his removal.

On December 22, 2014, the BIA dismissed Gelin's appeal. The BIA rejected

2

Gelin's argument that the IJ should have afforded him a continuance so that a petition could have been filed. The BIA stated that Gelin had not established any prejudice based on the denial of a continuance because he had not shown that a petition had been filed.

Gelin filed a motion to reopen and submitted a copy of a notice reflecting that a Petition for Alien Relative was filed on March 2, 2015, more than two months after the BIA dismissed his appeal. On May 12, 2015, the BIA denied the motion because Gelin did not establish prima facie eligibility for adjustment of status with evidence of the bona fides of a marriage. The BIA noted that the petition was not filed by his ex-wife, but by someone else.

Gelin then filed a motion to reconsider the denial of his motion to reopen. Counsel also entered an appearance and filed a motion. In a decision issued July 8, 2015, the BIA found no basis to reconsider its prior decision because Gelin still had not established prima facie eligibility for adjustment of status. The BIA stated that Gelin had submitted a copy of a marriage certificate showing that he had married, but he had not provided evidence of the bona fides of the marriage. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to constitutional claims and questions of law because Gelin was convicted of an aggravated felony. See 8 U.S.C. §§ 1252(a)(2)(C), (D); Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012). Our jurisdiction is also limited to review of the BIA's denial of the motion to reconsider. See Stone v. INS, 514 U.S. 386, 405 (1995) (motion to reconsider did not toll

3

the time to file a petition for review of a deportation order).[1]

Gelin has not raised any issues in his brief that are properly before us. To the extent Gelin contends that the IJ should have afforded him a continuance, as noted above, our jurisdiction is limited to the BIA's denial of his motion to reconsider. Gelin primarily asserts that his counsel failed to properly file another motion to reopen with evidence of the bona fides of his marriage, and that he is eligible for adjustment of status in light of affidavits he obtained after the BIA denied his motion to reconsider. These events took place after the decision at issue and are not before us.[2] To the extent Gelin challenges the July 8, 2015 denial of his motion to reconsider, even if we liberally construe his brief, he does not adequately present a constitutional claim or question of law for our review. Finally, we may not entertain Gelin's request for relief based on the equities of his case.

Accordingly, we will dismiss the petition for review.

---

[1]The Government argues that the petition for review was untimely filed as to the denial of the motion to reconsider. Because we will dismiss the petition on other grounds, we do not reach this argument. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007).

[2]Gelin has attached to his brief a BIA decision issued September 29, 2015 denying another motion to reopen. It does not appear that Gelin sought judicial review of this decision.