PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3229
_____

UTPAL AJITKUMAR DESAI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A037-061-888)
Immigration Judge:  Honorable Susan G. Roy
_____

Argued May 22, 2012
Before: RENDELL, FUENTES, and HARDIMAN, *Circuit
Judges*.

(Filed:  August 21, 2012 )

Scott E. Bratton, Esq. [ARGUED]
Margaret Wong & Associates
3150 Chester Avenue
Cleveland, OH 44114
        *Attorneys for Petitioner*

Tiffany L. Walters, Esq. [ARGUED]
Eric H. Holder, Jr., Esq.
Thomas W. Hussey, Esq.
John M. McAdams, Jr., Esq.
United States Department of Justice
Office of Immigration Litigation, Civil Division
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Attorneys for Respondent*

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

This appeal involves the jurisdiction of the Board of Immigration Appeals (BIA). A regulation known as the "post-departure bar," which is codified at 8 C.F.R. § 1003.2(d), precludes a removed person from filing a motion to reopen immigration proceedings. In *Prestol Espinal v. Attorney General*, 653 F.3d 213, 224 (3d Cir. 2011), we held the post-departure bar invalid to the extent it conflicted with a statute, the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) of 1996, 8 U.S.C. § 1229a(c)(7),

2

that grants aliens the right to file one motion to reopen under certain conditions. We now consider whether the bar we rejected in *Prestol Espinal* can nonetheless be invoked by the agency as a basis for refusing to reopen proceedings *sua sponte* under a regulation, 8 C.F.R. § 1003.2(a). We hold that it can.

I

A native and citizen of India, Utpal Ajitkumar Desai was admitted to the United States as a lawful permanent resident in 1980. Eleven years later, Desai embarked on a prolific criminal career, which includes convictions for: burglary and criminal mischief (1991), burglary and conspiracy to commit burglary (1992), burglary (1992), theft (1993), theft in the third degree (1994), shoplifting (1997), possession of marijuana (2000), disorderly conduct (2001), and theft and possession of a controlled dangerous substance in the third degree (2002).

In 2008, Desai was charged with removability based on his 2002 conviction for possession of a controlled substance and his 1994 conviction for third-degree theft. Although he did not contest removability, he applied for relief under the Convention Against Torture (CAT), alleging that his HIV-positive status made him vulnerable to discrimination and persecution in India. The Immigration Judge (IJ) held that Desai had not demonstrated eligibility for CAT relief, the BIA affirmed, and we denied Desai's subsequent petition for review. *See Desai v. Att'y Gen.*, 330 F. App'x 333, 334–35 (3d Cir. 2009).

In February 2010, a year after Desai was removed to India, his 2002 conviction for possession of a controlled

3

substance was vacated and relisted for a new trial. That November, well after the ninety-day window for filing a timely motion to reopen had closed, *see* 8 U.S.C. § 1229a(c)(7)(C), Desai filed a motion to reopen *sua sponte*. Motions to reopen *sua sponte* are governed by a regulation, 8 C.F.R. § 1003.2(a), that states:

> The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision. A request to reopen or reconsider any case in which a decision has been made by the Board, which request is made by the Service, or the party affected by the decision, must be in the form of a written motion to the Board. The decision to grant or deny a motion to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section. The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief.

The BIA denied Desai's motion, finding that it lacked jurisdiction to consider Desai's request because of the post-departure bar, which provides:

> A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal

4

proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

8 C.F.R. § 1003.2(d). The BIA noted, further, that, even if it had jurisdiction, it would nonetheless deny Desai's motion on the merits.

II

Our jurisdiction is governed by Immigration and Nationality Act (INA) § 242, 8 U.S.C. § 1252, *amended by* the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, which authorizes us to review final orders of deportation, exclusion, and removal. In cases such as this one, where a petitioner is removable for having been convicted of an aggravated felony, our jurisdiction is limited to addressing the jurisdictional prerequisite, *Restrepo v. Att'y Gen.*, 617 F.3d 787, 790 (3d Cir. 2010), and evaluating "constitutional claims or questions of law raised upon a petition for review," 8 U.S.C. § 1252(a)(2)(D); *accord Brandao v. Att'y Gen.*, 654 F.3d 427, 428 (3d Cir. 2011).

"Because the BIA retains unfettered discretion to decline to *sua sponte* reopen or reconsider a deportation proceeding, this court is without jurisdiction to review a decision declining to exercise such discretion to reopen or reconsider the case." *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003). Where, however, we are "presented with a BIA decision rejecting a motion for *sua sponte* reopening, we may exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise." *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2011). "In such cases we can remand to the BIA so it may

5

exercise its authority against the correct 'legal background.'" *Id.* (quoting *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009)). Following *Pllumi*, we exercise our jurisdiction in this case to examine the validity of the BIA's legal determination that the post-departure bar precluded its review of Desai's motion to reopen *sua sponte*.

### III

Desai claims the BIA erred in determining that it lacked jurisdiction to consider his motion because of the post-departure bar of 8 C.F.R. § 1003.2(d). He relies on our decision in *Prestol Espinal*, where we invalidated the post-departure bar after finding it inconsistent with IIRIRA, 8 U.S.C. § 1229a(c), which grants an alien the right to file one motion to reopen, subject to certain restrictions.[1] 653 F.3d at 224.

In *Prestol Espinal*, however, we invalidated the post-departure bar only in those cases where it would nullify a statutory right, *i.e.*, where a petitioner's motion to reopen falls within the statutory specifications. *Prestol Espinal* does not discuss, or even acknowledge, motions to reopen that are filed out of time or otherwise disqualified under the statutory scheme. Such motions, which may still be considered by the BIA as motions to reopen *sua sponte*, are not authorized by statute. Instead, they arise under a regulation, 8 C.F.R. § 1003.2(a), that the Attorney General promulgated under her

---

[1] As we did in *Prestol Espinal*, we treat a motion to reconsider and a motion to reopen *in pari materia* for purposes of the post-departure bar. *See Prestol Espinal*, 653 F.3d at 217 n.3.

broad authority to review administrative determinations in immigration cases, *see, e.g.*, 8 U.S.C. § 1103(g)(2). Because the BIA considers motions *sua sponte* pursuant to a grant of authority from the Attorney General, there is no statutory basis for a motion to reopen in the *sua sponte* context. *See Zhang v. Holder*, 617 F.3d 650, 661 (2d Cir. 2010).

In *Prestol Espinal*, we reasoned that "the post-departure bar regulation conflicts with Congress' clear intent." 653 F.3d at 224. Although our conclusion was stated broadly and seemed to suggest that the post-departure bar was invalid in its entirety, our explanation made clear that we had only *statutory* motions to reopen or reconsider in mind:

> First, the plain text of the statute provides each "alien" with the right to file one motion to reopen and one motion to reconsider. Second, the importance and clarity of this right has been emphasized by the Supreme Court in [*Dada v. Mukasey*, 554 U.S. 1 (2008)]. Third, Congress specifically considered and incorporated limitations on this right and chose not to include the post-departure bar, despite its prior existence in regulation. Fourth, the post-departure bar would eviscerate the right to reopen/reconsider by allowing the government to forcibly remove the alien prior to the expiration of the time allowance. Fifth, Congress included geographic limitations on the availability of the domestic violence exception, but included no such limitation generally. Sixth, Congress specifically withdrew the statutory post-departure bar to judicial review in

7

> conformity with IIRIRA's purpose of speeding
> departure, but improving accuracy.

*Id.* As we have explained, motions to reopen *sua sponte* like the one Desai filed in this case are not governed by that statutory scheme. Thus, the concern driving our holding in *Prestol Espinal*—that the post-departure bar undermines an alien's statutory right to file one motion to reopen—does not extend to cases like this one, where neither that statutory right nor congressional intent is implicated.[2]

Our decision today finds further support in *Zhang*, where the Second Circuit Court of Appeals "consider[ed] the scope of the BIA's jurisdiction to reopen otherwise-final removal proceedings in response to a party's motion, where the motion to reopen is deficient under the INA and instead asks the Board to invoke its *sua sponte* authority." 617 F.3d at 654. Distinguishing Zhang's case from those dealing with a statutory right to file a motion to reopen or a broad statutory grant of authority, the Second Circuit found that "the BIA

---

[2] Desai's claim that the BIA incorrectly relied on *Matter of Armendarez-Mendez*, 24 I. & N. Dec. 646 (BIA 2008), also is unavailing. In *Armendarez-Mendez*, issued before *Prestol Espinal*, the BIA found that it lacked jurisdiction to entertain an alien's untimely motion requesting *sua sponte* reopening of his removal proceedings because he had filed it after his departure from the United States. *Id.* at 660. While *Armendarez-Mendez*'s broad suggestion that "the departure bar rule remains in full effect" after IIRIRA even where an alien is exercising his statutory right to file a timely motion to reopen, *id.*, has been abrogated by *Prestol Espinal*, its holding remains valid as applied to motions requesting *sua sponte* reopening for the reasons discussed above.

[was] not plainly erroneous in its position . . . that the departure bar limits its *sua sponte* jurisdiction" and that the BIA "did not err in concluding that § 1003.2(d) deprived it of authority to consider [Zhang's] motion to reopen [*sua sponte*] after he was removed from the country." *Id.* at 665; *see also id.* at 664 ("[T]his is not an instance where a statute vests an agency with broad authority that the agency has declined to exercise."). We agree with, and adopt, the Second Circuit's analysis.

For the reasons stated, we hold that the BIA did not err when it concluded that it lacked jurisdiction to consider Desai's motion to reopen *sua sponte*. Therefore, we will deny his petition.

9