**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3919

———————

GHULAM MESBAHUDDIN,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

———————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A074-855-930)
Immigration Judge:  Honorable Walter A. Durling

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 5, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 6, 2016)

———————

OPINION[*]

———————

PER CURIAM

Ghulam Mesbahuddin petitions for review of an order of the Board of Immigration

Appeals ("BIA"), which affirmed the decision of an Immigration Judge ("IJ") to deny his

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

motion to reopen removal proceedings.  We will deny the petition for review.

Mesbahuddin is a native and citizen of Bangladesh.  He entered the United States in 1995 on a B-2 visa, but overstayed.  He was placed in removal proceedings in 2004.  Later in 2004, Mesbahuddin was convicted of attempt to commit bank fraud, in violation of 18 U.S.C. § 1344.  He cooperated with the Government, both with regard to his own offense, and by providing significant information with regard to a "credit card bust-out fraud" and a mortgage fraud scheme.  A.R. 984-86.  He was sentenced to three years' probation.  A.R. 988-89.  IJ Andrew Arthur found that the conviction was an aggravated felony and denied his application for a 212(h) waiver.  The BIA remanded, but in the meantime, Mesbahuddin was arrested, and on June 15, 2012, he was convicted of "conspiracy to transfer false identification" and "conspiracy to commit bribery" in violation of 18 U.S.C. § 371.  A.R. 518-23.  He was sentenced to 27 months in prison.  A.R. 519.  He was served with "Additional Charges of Inadmissibility" on October 18, 2013.  A.R. 673.  After his release from prison on May 28, 2014, he was placed in immigration detention.

On September 15, 2014, IJ Walter Durling denied his application for withholding of removal pursuant to the Convention Against Torture ("CAT") and ordered his removal.  Mesbahuddin waived his right to appeal on September 18, 2014.

On May 18, 2015, Mesbahuddin filed a counseled motion to reopen with the IJ, claiming that conditions in Bangladesh had worsened since the time of his removal

2

proceedings.[1] In particular, Mesbahuddin argued that Bangladeshi nationals who were deported or who fled the U.S. as fugitives (because of Mesbahuddin's 2004 cooperation with the U.S. Government) vowed to take revenge on him. He averred that some of those individuals were now District Committee members of the Dhaka chapter of the Awami League, the ruling party in Bangladesh, and that they thus had power to carry out their threats. Mesbahuddin included affidavits from family members in Bangladesh who had received threats, and news articles purporting to show worsened political conditions in Bangladesh. The IJ denied the motion and the BIA affirmed the IJ's decision. Mesbahuddin filed a timely, pro se petition for review.

We have jurisdiction to review the BIA's order denying Mesbahuddin's motion to reopen.[2] Kucana v. Holder, 558 U.S. 233, 253 (2010). We review the decision for abuse of discretion. Zhu v. Att'y Gen., 744 F.3d 268, 271 (3d Cir. 2014). We afford the BIA broad deference and will not overturn the decision unless it is "arbitrary, irrational, or contrary to law." Id. Because Mesbahuddin is removable for having been convicted of an aggravated felony, our jurisdiction is limited to review of constitutional claims and

---

[1] While a motion to reopen must normally be filed within 90 days of the final removal order, see 8 C.F.R. § 1003.23(b)(1), the time limit does not apply to a motion to apply for relief under the CAT that is "based on changed country conditions arising in the country or nationality or the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing," id. § 1003.23(b)(4)(i).

[2] We lack jurisdiction to review the earlier order of removal. See Stone v. INS, 514 U.S. 386, 405 (1995). Thus, we will not consider Mesbahuddin's arguments that his convictions are not for aggravated felonies.

questions of law.  <u>Desai v. Att'y Gen.</u>, 695 F.3d 267, 269 (3d Cir. 2012); <u>see also</u> 8

U.S.C. § 1252(a)(2)(C), (D); <u>Cruz v. Att'y Gen.</u>, 452 F.3d 240, 246-47 (3d Cir. 2006).

The threshold question here is whether Mesbahuddin presented new evidence

showing a change in country conditions that would allow him to bring the otherwise

untimely motion to reopen.  <u>See</u> <u>Shardar v. Att'y Gen.</u>, 503 F.3d 308, 312 (3d Cir. 2007).

But his claim that he met the burden of showing changed country conditions does not

raise a constitutional claim or question of law.  <u>Cf.</u> <u>Sukwanputra v. Gonzales</u>, 434 F.3d

627, 635 (3d Cir. 2006) (claim that petitioner met burden of demonstrating changed

circumstances materially affecting asylum eligibility did not raise constitutional claim or

question of law).  Because we cannot review the threshold question of whether

Mesbahuddin met that burden, and because that issue is dispositive of his motion to

reopen, we need not consider his remaining arguments.[3]

For the foregoing reasons, we will deny the petition for review.

---

[3] In any event, while he frames his issues as questions of law, the majority of his issues
are actually factual questions.  <u>See</u> <u>Jarbough v. Att'y Gen.</u>, 483 F.3d 184, 189 (3d Cir.
2007) ("[A]rguments such as that an [IJ] or the BIA incorrectly weighed evidence, failed
to consider evidence or improperly weighed equitable factors are not questions of law
under § 1252(a)(2)(D))."
.