**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3529
_____

JUNIOR J. AUGUSTUS,
a/k/a James Augustus,
                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A037-590-270 )
Immigration Judge:  Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 9, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Junior J. Augustus is a citizen of Grenada who was admitted to the United States as a lawful permanent resident in 1985. In January 2015, the Department of Homeland Security (DHS) charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony) and (a)(2)(B)(i) (controlled substance offense) based on his two controlled-substance convictions under New Jersey law. Augustus conceded the removal charges against him but sought deferral of removal under the Convention Against Torture (CAT). Following a hearing, an Immigration Judge (IJ) concluded that Augustus had failed to demonstrate that it was more likely than not that he would be tortured if forced to return to Grenada and denied relief. Augustus appealed to the Board of Immigration Appeals (BIA), but, by order dated June 19, 2017, the BIA dismissed the appeal. Augustus then moved the BIA for reconsideration. He asked the Board to revisit his CAT claim and also to take his mental and physical health into account before sending him back to Grenada. The BIA denied the motion on October 4, 2017. On October 10, 2017, Augustus filed this petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Our jurisdiction is limited to constitutional claims and questions of law because Augustus was convicted of an aggravated felony. See 8 U.S.C. §§ 1252(a)(2)(C), (D); Desai v. Att'y Gen., 695 F.3d 267, 269 (3d Cir. 2012). Our jurisdiction is also limited to review of the BIA's denial of the motion to reconsider. See Stone v. INS, 514 U.S. 386, 398-99 (1995) (holding that the filing of a motion to reconsider does not toll the thirty-day period for petitioning for review of the earlier merits decision).

2

Augustus's sole argument on appeal is that his New Jersey controlled-substance convictions do not qualify as "aggravated felonies" rendering him ineligible for cancellation of removal under 8 U.S.C. § 1229b. Because Augustus did not apply for cancellation of removal, we understand him instead to be challenging the BIA's decision that he was removable under § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. We may not review that decision, however, because our jurisdiction is limited to review of the BIA's subsequent decision denying Augustus's motion for reconsideration, which did not challenge his removability on this basis. See Stone, 514 U.S. at 398-99; see also 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if—the alien has exhausted all administrative remedies available to the alien as of right").

Accordingly, we will dismiss the petition for review.[1]

---

[1] Petitioner's "motion to continue" is granted. Petitioner's motion to withdraw his petition for review is dismissed as moot. Respondent's motion to dismiss is dismissed as moot.