**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

18-1072
_____

AMBRIORIX FRANCISCO OVALLE,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent
_____

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A038-511-086)
_____

Argued: March 12, 2019

Before: JORDAN, KRAUSE, and ROTH, *Circuit Judges*

(Opinion filed: November 19, 2019)

Jeffrey B. Rubin
Kimberly A. Williams       [ARGUED]
Rubin Pomerleau
One Center Plaza
Suite 400
Boston, MA 02108
        *Counsel for Petitioner Ambriorix Francisco Ovalle*

Lindsay Corliss            [ARGUED]
Andrea Gevas
United States Department of Justice
Office of Immigration Litigation
Room 2207
P.O. Box 878

Ben Franklin Station
Washington, DC 20044
      *Counsel for Respondent Attorney General of the United States*

                      _____

                            **OPINION**[*]
                      _____

KRAUSE, *Circuit Judge*.

Petitioner Ambriorix Francisco Ovalle departed the United States after he was convicted as a youthful offender for attempted criminal sale of a controlled substance. Seventeen years later, he filed a *sua sponte* motion with the BIA to "reopen and terminate his removal proceedings." AR 19. The BIA found that the post-departure bar deprived it of jurisdiction to consider Ovalle's motion. Because the BIA may not treat the post-departure bar as a jurisdictional limitation of its *sua sponte* authority, we will grant the petition in part and remand to the BIA.[1]

## I.     Background

Ovalle was born in the Dominican Republic, admitted to the United States as a lawful permanent resident, and later convicted as a youthful offender of attempted

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Judge Roth concurs in the judgment to the extent that it grants the petition. However, Judge Roth would remand to the BIA with instructions to grant Ovalle's motion to reopen. She believes that where, as here, there is no longer a conviction supporting deportation, the BIA may not rely on the post-departure bar as a basis for refusing to reopen proceedings *sua sponte*, even as a matter of discretion. Thus, Judge Roth would grant the petition based on her view that Ovalle has the right to one motion to reopen and that the post-departure bar is inapplicable because Ovalle's conviction was vacated due to a defect in the underlying proceedings.

criminal sale of a controlled substance. The Government charged him as removable, initially serving him with a notice to appear that did not specify the time or location of his removal proceeding but later following up with a notice of hearing that did provide those details. During his proceedings, Ovalle successfully argued to the Immigration Judge that his youthful offender adjudication did not constitute a deportable offense under the Immigration and Nationality Act, but he conceded deportability on appeal to the BIA and was deported to the Dominican Republic in 1999.

Seventeen years later, he filed a *sua sponte* motion to reopen with the BIA, arguing that under the BIA's decision in *In re Devison*, 22 I. & N. Dec. 1362 (B.I.A 2000)—which came down shortly after Ovalle was deported and held that youthful offender adjudications do not constitute "conviction[s]" under the INA, *id.* at 1373—he was never "convicted of a[] crime" for immigration purposes and his removal proceedings should be "reopen[ed] and terminat[ed]," AR 26. The BIA reasoned that, while our Circuit and many others have "invalidated the post-departure bar when applied to statutory motions to reopen, i.e., timely motions to reopen[,] . . . untimely (sua sponte) motions to reopen are subject to the post-departure bar" according to our decision in *Desai v. Attorney General*, 695 F.3d 267 (3d Cir. 2012). AR 2. Because Ovalle filed a *sua sponte* motion, the BIA applied *Desai* and concluded that he was "not eligible for sua sponte reopening in light of the post-departure bar." AR 2. Ovalle timely appealed.

## II.    Discussion

On appeal, Ovalle argues first that the BIA was incorrect to rely on the post-departure bar in denying his *sua sponte* motion and second that the Immigration Court

never acquired jurisdiction over his removal proceedings because his notice to appear did not provide the time and location of his hearing.[2]  Because the second argument is squarely foreclosed by our recent decision in *Nkomo v. Attorney General*, 930 F.3d 129 (3d Cir. 2019), we address only the first.[3]

In relevant part, the post-departure bar provides that "[a] motion to reopen . . . shall not be made by or on behalf of a person . . . subsequent to his or her departure from the United States."  8 C.F.R. § 1003.2(d).  Two types of motions to reopen are available to an alien: (1) motions filed under 8 U.S.C. § 1229a(c)(7), which are known as statutory motions to reopen; and (2) motions filed under a "catch-all provision" of 8 C.F.R. § 1003.2,[4] which are known as *sua sponte* motions to reopen, *Sang Goo Park v. Att'y*

---

[2] Though we generally do not have jurisdiction to review the BIA's denial of a *sua sponte* motion to reopen, *see Sang Goo Park v. Att'y Gen.*, 846 F.3d 645, 651 (3d Cir. 2017), we may "exercise jurisdiction to the limited extent of recognizing when the BIA has relied on an incorrect legal premise," in which case we may "remand to the BIA so it may exercise its authority against the correct legal background," *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2012).

[3] In *Nkomo*, we joined with seven of our sister circuits in rejecting the precise argument that Ovalle makes here: that under the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), a notice to appear must contain "time and place information" in order for jurisdiction over an alien's removal proceeding to vest, and that neither a later notice of hearing containing that information nor the alien's ultimate appearance at and participation in her removal proceedings is sufficient to cure any jurisdictional defects.  *Nkomo*, 930 F.3d at 133–34.  We reject the argument here for the same reasons we articulated in *Nkomo*.

[4] That provision reads in relevant part:  "The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision.  A request to reopen or reconsider any case in which a decision has been made by the Board . . . must be in the form of a written motion to the Board.  The decision to grant or deny a motion

4

*Gen.*, 846 F.3d 645, 650 (3d Cir. 2017). Ten circuits,[5] including ours, *see Prestol Espinal v. Att'y Gen.*, 653 F.3d 213, 214 (3d Cir. 2011), have invalidated the post-departure bar insofar as it is applied to *statutory* motions to reopen filed by departed aliens. Far fewer have addressed the post-departure bar's application to *sua sponte* motions to reopen filed by departed aliens, but our Circuit, *see Desai*, 695 F.3d at 270, along with the Second and Fifth Circuits, *see Zhang v. Holder*, 617 F.3d 650, 660 (2d Cir. 2010); *Ovalles v. Holder*, 577 F.3d 288, 296–97 (5th Cir. 2009), has explicitly authorized the BIA to rely on the post-departure bar when denying such motions.

The Government considers *Desai* "controlling" and urges us to deny Ovalle's petition on that basis. Respondent's Br. 11. While we agree that we are bound by *Desai*'s conclusion that the BIA may rely on the post-departure bar "as a basis for refusing to reopen proceedings *sua sponte*," 695 F.3d at 268, the Supreme Court's intervening decision in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), requires us to consider the precise nature of that "basis" and to clarify our holding in *Desai*.

Much like Ovalle, the petitioner in *Desai* was deported on the basis of a controlled substance conviction. 695 F.3d at 268. A year after he departed the United States, his

---

to reopen or reconsider is within the discretion of the Board, subject to the restrictions of this section." 8 C.F.R. § 1003.2(a).

[5] *See Toor v. Lynch*, 789 F.3d 1055, 1057 (9th Cir. 2015); *Santana v. Holder*, 731 F.3d 50, 51 (1st Cir. 2013); *Garcia-Carias v. Holder*, 697 F.3d 257, 264 (5th Cir. 2012); *Contreras-Bocanegra v. Holder*, 678 F.3d 811, 816 (10th Cir. 2012) (en banc); *Jian Le Lin v. Att'y Gen.*, 681 F.3d 1236, 1241 (11th Cir. 2012); *Luna v. Holder*, 637 F.3d 85, 100 (2d Cir. 2011); *Pruidze v. Holder*, 632 F.3d 234, 239–40 (6th Cir. 2011); *Marin-Rodriguez v. Holder*, 612 F.3d 591, 593–94 (7th Cir. 2010); *William v. Gonzales*, 499 F.3d 329, 334 (4th Cir. 2007).

conviction was vacated and listed for a new trial. *Id.* He filed a motion to reopen *sua sponte* and the BIA denied the motion, "finding that it lacked jurisdiction to consider Desai's request because of the post-departure bar." *Id.* at 269. On appeal, we distinguished *Prestol-Espinal*, reasoning that "the concern driving our holding in *Prestol-Espinal*—that the post-departure bar undermines an alien's statutory right to file one motion to reopen—d[id] not extend to cases [involving *sua sponte* motions to reopen], where neither that statutory right nor congressional intent is implicated." *Id.* at 270. As a result, we held that the BIA "did not err" by treating the post-departure bar as a basis for denying Desai's *sua sponte* motion. *Id.* at 271.

We went on, however, to "find[] further support" for this conclusion in the Second Circuit's decision in *Zhang*, "agree[ing] with[] and adopt[ing]" its analysis, *id.*, which endorsed the BIA's treatment of the post-departure bar as a jurisdictional limitation on the basis of *Auer* deference, *see Zhang*, 617 F.3d at 660, 665; *see also Matter of Armendarez-Mendez*, 24 I. & N. Dec. 646, 648 (B.I.A. 2008) (explaining that the BIA "construe[s] the departure bar rule as imposing a limitation on [its] jurisdiction" and that it has "reiterated that construction of the rule in an unbroken string of precedents extending over 50 years" (citation omitted)).

The Government would have us resolve this case on a straightforward application of *Desai*, but as our summary of that case reflects, it is susceptible to two different readings. On one, *Desai* simply affirms that the post-departure bar can be invoked as a matter of discretion, a conclusion that remains good law. But on another reading, *Desai* gives *Auer* deference to the BIA's view that the post-departure bar deprives it of

6

jurisdiction. That reasoning, however, does not survive the Supreme Court's recent decision in *Kisor*.

In *Kisor*, the Court held that *Auer* deference is cabined to cases where an "agency's interpretation . . . in some way implicate[s] its substantive expertise." *Id.* at 2417. "[T]he basis for deference ebbs," the Supreme Court explained, "when the subject matter of the dispute is distant from the agency's ordinary duties," *id.* (citation and alterations omitted), as is the case when the "interpretive issue[] . . . fall[s] more naturally into a judge's bailiwick," *id.* Because the scope of the BIA's *sua sponte* jurisdiction is precisely the kind of "interpretive issue[] [that] fall[s] more naturally into [our] bailiwick," *id.*, deference to the BIA's interpretation of the post-departure bar as jurisdictional is no longer warranted.

Without that constraint, we conclude that the application of the post-departure bar in a given case is properly understood as an exercise of the BIA's discretion, not a limitation on its jurisdiction.[6] Even the BIA, despite long denoting the bar as

---

[6] According to 8 C.F.R. § 1003.2, which is the source of the BIA's *sua sponte* authority, the BIA "may *at any time* reopen or reconsider on its own motion any case in which it has rendered a decision" and the "decision to grant or deny a motion to reopen or reconsider is *within the discretion of the Board*, subject to the restrictions of this section." *Id.* (emphasis added). While the post-departure bar may be one basis for exercising that discretion, it is not absolute and it does not implicate the BIA's jurisdiction, i.e., its competence to adjudicate a particular matter, *see Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 160 (2010). Two other Circuits interpret 8 C.F.R. § 1003.2 this way, *see Pruidze*, 632 F.3d at 238 (finding that "[n]othing in the statutory scheme suggests that the Board lacks jurisdiction . . . to issue decisions that affect the legal rights of aliens abroad"); *Marin-Rodriguez*, 612 F.3d at 593, 595 (same), and *Zhang* itself called the BIA's jurisdictional characterization of the post-departure bar "anything but airtight" and "linguistically awkward," noting that it might have "reach[ed] a different conclusion" if it were "writing on a blank slate," *Zhang*, 617 F.3d at 660.

"jurisdiction[al]," *Armendarez-Mendez*, 24 I. & N. Dec. at 648, has at times described it as a "general rule" that may be subject to "exception[s]," *Matter of Bulnes-Nolasco*, 25 I. & N. Dec. 57, 58 (B.I.A. 2009). Thus, after *Kisor*, *Desai*—to the extent it was susceptible to such an interpretation—can no longer be read as affirming the BIA's view of the post-departure bar as jurisdictional, *see In re Krebs*, 527 F.3d 82, 84 (3d Cir. 2008).

Because the BIA in this case read *Desai* as endorsing a jurisdictional interpretation of the post-departure bar and did not treat the bar as a matter of discretion, it relied on an "incorrect legal premise," *Pllumi v. Att'y Gen.*, 642 F.3d 155, 160 (3d Cir. 2012), and while it may elect to invoke the bar on discretionary grounds on remand, that is not a foregone conclusion. Given the similarity between the particular circumstances of this case and our cases addressing relief for non-departed aliens who are no longer "'convicted' for immigration purposes," *Cruz v. Att'y Gen.*, 452 F.3d 240, 242 (3d Cir. 2006); *see Pinho v. Gonzales*, 432 F.3d 193 (3d Cir. 2005), the BIA may well choose not to invoke the post-departure bar in this case. In any event, we cannot affirm on a basis different than the one articulated by the agency, *see Li v. Att'y Gen.*, 400 F.3d 157, 163 (3d Cir. 2005), so we will remand for the BIA to decide whether to invoke the post-departure bar in this case "against the correct legal background," *Pllumi*, 642 F.3d at 160 (citation omitted).

## III. Conclusion

For the foregoing reasons, we will grant the petition in part and remand to the BIA for proceedings consistent with this opinion.