**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1743
_____

DENIS SEGUNDO CALDERON-MINCHOLA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A037-919-176)
Immigration Judge:  Walter Durling
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 7, 2024
_____

Before:  CHAGARES, <u>Chief Judge</u>, CHUNG and FISHER, <u>Circuit Judges</u>

(Filed: June 10, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Denis Segundo Calderon-Minchola ("Calderon-Minchola") petitions this Court for review of a Board of Immigration Appeals ("BIA") order denying a motion to reopen. For the reasons that follow, we will deny the petition for review.

I.[1]

Calderon-Minchola, a native and citizen of Peru, was before the BIA in 2006 when it affirmed the Immigration Judge's ("IJ") removal order based upon an aggravated felony conviction and concluded he was ineligible for a waiver of inadmissibility.[2] He was removed to Peru in 2010. He filed a motion to reopen in May 2021, arguing that his crime should not have been classified as an aggravated felony under Sessions v. Dimaya, 584 U.S. 148, 174–75 (2018), and that this change in the law was an extraordinary circumstance entitling him to equitable tolling of the ninety-day deadline for filing a motion to reopen. The BIA denied the motion. This timely petition for review followed.

II.[3]

A.

As an initial matter, the Government argues that Calderon-Minchola cannot

---

[1] We write for the parties and therefore recite only those facts pertinent to our decision.
[2] Calderon-Minchola was convicted in 1996 of aggravated assault under 18 Pa. C.S. § 2702(a)(4). The victim ultimately died and Calderon-Minchola was later tried for murder, but the jury acquitted him and the aggravated assault conviction was reinstated. In February 2021, the Court of Common Pleas granted his motion to correct the record to reflect that he was convicted of aggravated assault under subsection (a)(1) rather than (a)(4). His motion to reopen followed that correction a few months later, in May 2021.
[3] The BIA had jurisdiction over the motion to reopen under 8 C.F.R. § 1003.2. We generally have jurisdiction to review the denial of a motion to reopen pursuant to 8 U.S.C. § 1252(a)(1). See Khan v. Att'y Gen., 691 F.3d 488, 492 (3d Cir. 2012).

prevail because he was removed pursuant to a final order that was valid at the time of removal. In <u>Debeato v. Attorney General</u>, 505 F.3d 231, 236 (3d Cir. 2007), we held that a petitioner collaterally challenging a removal must show a miscarriage of justice — that is, he must show that he should not have been removed based on the law as it existed at the time of removal. <u>Id.</u> Calderon-Minchola concedes that he was removed subject to an order that was valid at that time and thus has not demonstrated a miscarriage of justice. He argues, however, that <u>Debeato</u> does not apply because he is not seeking to collaterally challenge his removal.

We agree. <u>Debeato</u> involved a collateral attack to the underlying removal order that was initiated after the petitioner illegally re-entered the United States and became subject to a reinstated removal order. 505 F.3d at 233–35. Calderon-Minchola did not illegally re-enter the United States and is not subject to a reinstated removal order. <u>Debeato</u> is therefore inapposite. We therefore will consider Calderon-Michola's claim that he has a right to pursue his first motion to reopen.

B.

Motions to reopen are disfavored and are granted only under compelling circumstances. <u>Darby v. Att'y Gen.</u>, 1 F.4th 151, 159 (3d Cir. 2021). We review the BIA's denial of a motion to reopen for abuse of discretion. <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 174 (3d Cir. 2002). The decision will be reversed only if it is arbitrary, irrational, or contrary to law. <u>Id.</u>

The relevant statute permits one motion to reopen, which must be filed within

3

ninety days of the removal order.[4]  See 8 U.S.C. § 1229a(c)(7); see also 8 C.F.R. § 1003.2(c)(2).  This is Calderon-Minchola's first motion, but it undisputedly was filed outside of the ninety-day window.  The motion may, however, be timely if it is subject to equitable tolling.[5]  See Alzaarir v. Att'y Gen., 639 F.3d 86, 90 (3d Cir. 2011) ("The time limit for filing a motion to reopen is subject to equitable tolling, and perhaps the numerical limit is as well.").  Equitable tolling is available if Calderon-Minchola pursued his rights diligently and extraordinary circumstances prevented him from filing sooner. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Calderon-Minchola's reopening claim is premised on a change in both the law and the facts; he claims these changes yield the result that he should no longer be classified as an aggravated felon.  His argument proceeds as follows.  The Supreme Court decided Dimaya in April 2018, determining that, for aggravated felony purposes, a conviction

---

[4] The time and number limitations do not apply in certain circumstances, such as a motion to reopen based on changed country conditions.  See 8 C.F.R. § 1003.2(c)(3)(ii). Calderon-Minchola does not claim that such circumstances apply.

[5] An individual who has been removed is barred from filing motions to reopen beyond the first, timely motion of right.  See 8 C.F.R. § 1003.2(d) (providing that a motion to reopen "shall not be made by or on behalf of a person who is the subject of . . . deportation . . . subsequent to his or her departure from the United States"); Prestol Espinal v. Att'y Gen., 653 F.3d 213, 224 (3d Cir. 2011) (holding that the post-departure bar is inconsistent with the statutory provision granting individuals the right to file one timely motion to reopen); see also Desai v. Att'y Gen., 695 F.3d 267, 270–71 (3d Cir. 2012) (holding that the post-departure bar applies if there is no statutory right to file a motion to reopen).  If Calderon-Minchola's motion is subject to equitable tolling and is therefore timely, he had a right to file it and it therefore would not be subject to the bar set forth in § 1003.2(d).  If, on the other hand, the motion is not subject to equitable tolling, the BIA correctly concluded that it is subject to dismissal either as untimely or pursuant to the post-departure bar.  The success of his petition for review therefore turns entirely on the equitable tolling claim.

4

must include the use of force as an element in order to qualify as a crime of violence. 584 U.S. at 174–75. Our Court concluded shortly thereafter that 18 Pa. C.S. § 2702(a)(1) does not contain the use of force as an element and is therefore not a crime of violence, but § 2702(a)(4), Calderon-Minchola's statute of conviction, does contain such an element. See United States v. Mayo, 901 F.3d 218, 224 (3d Cir. 2018); United States v. Ramos, 892 F.3d 599, 611–12 (3d Cir. 2018). The Pennsylvania state court corrected Calderon-Minchola's criminal record three years later, in February 2021. That correction reflected that, instead of being convicted under § 2702(a)(4), he was convicted under § 2702(a)(1), the provision that, under Mayo, does not qualify as a crime of violence.

Calderon-Minchola filed his motion to reopen in May 2021, about three months after the correction of his criminal record. He claims that extraordinary circumstances — that is, the new legal and factual landscape — prevented him from filing his motion to reopen any sooner. He contends that the twelve-year period between 2006 (when the removal order was entered) and 2018 (when Dimaya and Mayo/Ramos were decided) should not count against him because there was no legal basis to file his motion before that.[6]

Even if we accept that the period we should consider begins in 2018, Calderon-Minchola was required to exercise diligence over the entire period for which he desires tolling. Alzaarir, 639 F.3d at 90. Yet the record contains no evidence that Calderon-

---

[6] To the extent there was a legal basis during that period for Calderon-Minchola to seek correction of his criminal judgment, the record is devoid of evidence that he diligently pursued such relief.

Minchola diligently pursued his rights from 2018 until 2021, when the state court corrected his record of conviction.

In his brief to our Court, Calderon-Minchola now argues that, during that time, he was hindered by the difficulties of finding pro bono representation in the United States and the COVID-19 pandemic. The problem, however, is that he did not present these obstacles to the BIA. Calderon-Minchola did not present evidence to establish that he exercised diligence during the nearly three-year period between the change in case law and the correction of his conviction. The BIA therefore did not abuse its discretion in deciding that equitable tolling was unwarranted. See, e.g., Lona v. Barr, 958 F.3d 1225, 1232 (9th Cir. 2020) (holding that it was not an abuse of discretion to deny reopening where petitioner did not show diligent pursuit of her rights in the years between her removal and the new case on which she relied). Absent equitable tolling, the motion to reopen was untimely.

III.

For the foregoing reasons, we will deny the petition for review.

6