NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1196
_____

SABA ROSARIO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the Board of Immigration Appeals
(Agency No. A042-605-592)
Immigration Judge: Phillip J. Montante, Jr.
_____

Argued November 14, 2024
_____

Before:  CHAGARES, Chief Judge, PORTER, and CHUNG, Circuit Judges

(Filed: December 19, 2024)

Matthew A. Lembo **[ARGUED]**
Perkins Coie
1155 Avenue of the Americas
22nd Floor
New York, NY 10036

Matthew J. Moffa
Perkins Coie
1155 Avenue of the Americas
22nd Floor
New York, NY 10036

       Counsel for Petitioner

Justin R. Markel
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

Robert D. Tennyson, Jr. **[ARGUED]**
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044

_____

OPINION[1]

_____

CHUNG, <u>Circuit Judge</u>.

Saba Rosario (Rosario) petitions for review of a Board of Immigration Appeals

("BIA") order denying his motion to reopen and/or reconsider his 2013 removal order.[2]

He primarily asserts that the BIA erred by failing to address one of his arguments. We

agree. We will grant Rosario's petition, vacate the BIA's order, and remand for further

proceedings consistent with this opinion.

_____

[1]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[2]    On its face, the BIA's opinion only addresses Rosario's sua sponte motion to reopen. The government argues that Rosario's motions are best characterized as motions for reconsideration and that, regardless of the terms used by the BIA, its decision addresses reconsideration. Our disposition of this petition does not turn on whether Rosario's motion is better understood as a motion to reopen or a motion to reconsider.

## I. BACKGROUND[3]

Rosario, a native and citizen of the Dominican Republic, was admitted to the United States in 1991 as a lawful permanent resident. In 1995, Rosario was convicted of various drug offenses in New York, including for the sale of cocaine. Rosario was again convicted of New York state drug crimes in 2004. Based on these offenses, the Department of Homeland Security initiated removal proceedings against Rosario in 2012. He was removed in 2013 because his convictions qualified as illicit trafficking in a controlled substance, making him removable as an aggravated felon under 8 U.S.C. § 1101(a)(43)(B).

In April 2017, Rosario was arrested at JFK Airport after allegedly attempting to reenter the United States. He was subsequently indicted for that attempt and that criminal case remains pending in New York. See United States v. Rosario Ventura, No. 17-CR-00418-DLI (E.D.N.Y. filed Apr. 7, 2017). Rosario also faces a new removal proceeding associated with this 2017 incident.

In October 2023, Rosario asked the BIA (1) pursuant to 8 U.S.C. § 1229a(c)(6)-(7), for statutory reopening or reconsideration of his removal order; or (2) to exercise its *sua sponte* authority pursuant to 8 C.F.R. § 1003.2(a) to reopen or reconsider his removal order. Rosario argued that the Second Circuit's decision in United States v. Minter, 80

---

[3] Because we write for the parties, we recite only facts pertinent to our decision.

F.4th 406 (2d Cir. 2023), undermined the basis for his 2013 removal order.[4] Specifically, he asserted that the holding in Minter compelled the conclusion that he is not removable because his prior drug convictions do not qualify as aggravated felonies. See 8 U.S.C. § 1101(a)(43)(B).

The BIA concluded that Rosario's statutory requests were untimely because his 2023 motion was not filed within ninety days of the 2013 final removal order. The BIA did not consider, however, whether equitable tolling would allow Rosario to file his otherwise untimely motion.

The BIA then turned to Rosario's second basis for seeking relief, the BIA's sua sponte authority. The BIA declined to exercise its sua sponte authority to reopen or reconsider Rosario's removal proceedings because it found no "exceptional circumstances that would warrant [sua sponte] reopening." Appendix at 7.

The BIA next "reiterate[d] that [Rosario] ha[d] not established prejudice, in that he ha[d] not established clear error in any finding of fact, or legal error in any conclusion of law, made in" the 2013 removal order. Id. Aside from this statement, nothing in the BIA's opinion reflects an intent to address the merits of Rosario's statutory motion to reconsider and his Minter argument.

---

[4]     The Court in Minter held that New York's definition of "cocaine," N.Y.P.L. § 220.00(7), was categorically broader than the federal definition of "cocaine" in 21 C.F.R. § 1308.12(b)(4). 80 F.4th at 410-13.

Rosario timely filed this petition for review and challenges the denial of his statutory motions to reopen and for reconsideration. He does not challenge the denial of his *sua sponte* motions.

## II. DISCUSSION

### A. Jurisdiction

The Immigration and Nationality Act ("INA") gives courts of appeals the power to review "final order[s] of removal." 8 U.S.C. § 1252(a); Cruz v. Attorney General, 452 F.3d 240, 246 (3d Cir. 2006). Our Court has long held that the BIA's denial of a motion to reopen or reconsider is reviewable as a final order of removal. See Alleyne v. United States INS, 879 F.2d 1177, 1180-82 (3d Cir. 1989); see also 8 U.S.C. § 1252(b)(6) ("[A]ny review sought of a motion to reopen or reconsider [a removal order] shall be consolidated with review of the [underlying] order."). We reject the government's claim that we nonetheless lack jurisdiction. Although Rosario has already been removed on a prior occasion, we have held that there is no post-departure bar to our review of statutory motions to reopen or reconsider. See Prestol Espinal v. Attorney General, 653 F.3d 213, 224 (3d Cir. 2011) (invalidating BIA post-departure bar regulation and exercising jurisdiction over a petition to review the BIA's denial of a motion to reconsider).[5] We

---

[5] We express no opinion as to whether our jurisdiction extends to petitions to review denials of motions to reopen or reconsider, filed after departure, under the BIA's *sua sponte* discretion. Compare Desai v. Attorney General, 695 F.3d 267, 270-71 (3d Cir. 2012) 270-71 (declining to extend Prestol Espinal to denials of *sua sponte* motions to reconsider) with Reyes-Vargas v. Barr, 958 F.3d 1295, 1307 n.22 (10th Cir. 2020) (distinguishing Desai because it "preceded Kisor [v. Wilkie, 588 U.S. 558 (2019)] and its narrowed-deference analysis").

similarly reject the government's argument that, because Rosario is currently subject to new removal proceedings pursuant to his alleged 2017 violation, his 2013 removal order is no longer "final." Gov. Br. at 20-23. In its view, "the new removal proceeding has effectively superseded the 2013 proceeding," in effect, vacating the prior removal order and merging those proceedings with the new removal proceedings. Gov. Br. at 22. While this argument appeals to common sense, the government cites no authority supporting its merger argument. The government's reliance on Nasrallah v. Barr, 590 U.S. 573 (2020), is misplaced. That decision "did not define what a 'final' order of removal is in the context of judicial review," Intestroza-Tosta v. Attorney General, 105 F.4th 499, 514 (3d Cir. 2024), nor did it establish that subsequent removal proceedings merge with prior final removal orders. To have such a merger effect, the future outcome of Rosario's 2017 removal proceedings would have to "affect the finality of the 2013 order[,]" Nasrallah, 590 U.S. at 582, and the government advances no persuasive arguments that the new proceedings have such an effect.

Of course, we must also ensure that the petition presents a live controversy capable of redress—that is, the case must not be moot. Thomas v. Attorney General, 625 F.3d 134, 139 (3d Cir. 2010). To the extent that the government asserts that Rosario's 2017 removal proceedings effectively moot his 2013 removal order because he might be removed on the new charges, we disagree. It is not clear to us that a second removal order, even if granted, would necessarily moot an earlier-executed one. At any rate, no such order has yet issued, and we will not premise mootness on a speculative outcome in his new removal proceedings. Moreover, as the government acknowledged at oral

6

argument, the 2013 removal order formed, at least in part, the basis for his 2017 removal proceedings, and it continues to affect Rosario's Lawful Permanent Resident status.

B.     Merits

Rosario asserts, and the government does not dispute, that the BIA erred in failing to consider his equitable tolling argument when denying his statutory reopening and reconsideration motions. We agree and will remand so that the BIA may consider whether equitable tolling will allow Rosario to file his untimely statutory motion to reopen and/or reconsider.

As noted, the government acknowledges that the BIA failed to consider Rosario's equitable tolling argument. The government argues that, even though the BIA found Rosario's motion to be untimely, it nevertheless reached the merits of Rosario's statutory motion to reopen/reconsider. In so arguing, the government relies on the BIA's brief statement that Rosario had "not established clear error in any finding of fact, or legal error in any conclusion of law in our prior decision." App. at 7.

It is not clear to us that the BIA ruled on the merits of Rosario's statutory motion to reopen/reconsider. Although the BIA stated that Rosario failed to "establish[] clear error in any finding of fact, or legal error in any conclusion of law" in the 2013 decision, that statement came at the end of a discussion concerning "reopening under [the BIA's] sua sponte authority." App. at 8. Even if we agreed with the government that the BIA's statement can be read as a denial of Rosario's motion to reconsider on the merits, the brevity and generality of the BIA's reasoning renders its decision unreviewable. See Filja v. Gonzales, 447 F.3d 242, 256 (3d Cir. 2006) (the BIA must "announce its decision

7

in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted"); <u>Awolesi v. Ashcroft</u>, 341 F.3d 227, 232 (3d Cir. 2003) ("In order for us to be able to give meaningful review to the BIA's decision, we must have some insight into its reasoning.").[6]

The government separately argues that there was no legal error in the 2013 order because Rosario was "removable as charged under the law that existed at the time of his removal proceedings." Gov. Br. at 13. That may or may not be correct. But that was not the rationale provided by the BIA, and we will not uphold a decision on a ground that the BIA did not consider. See <u>Orabi v. Attorney General</u>, 738 F.3d 535, 539 (3d Cir. 2014); <u>Konan</u>, 432 F.3d at 501-02 ("[I]f the BIA fails to address one of an applicant's stated grounds for relief, the case must be remanded for the BIA to consider the claim.").

\*       \*       \*

For the reasons discussed above, we will grant Rosario's petition, vacate the BIA's order, and remand for further proceedings consistent with this opinion.

---

[6]     We agree with Rosario's argument that the BIA's failure to address his equitable tolling argument was error. To the extent that the government argues that the BIA's merits analysis renders this error harmless, we disagree for the reasons herein.