**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1463
_____

ELOY HERNANDEZ,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(No. A026-502-624)
Immigration Judge: Mirlande Tadal
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 20, 2019

Before: CHAGARES, MATEY, and FUENTES, *Circuit Judges*

(Filed: December 16, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Eloy Hernandez petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's decision to deny his motion to reopen the immigration proceedings. We find no error in that decision, and lack jurisdiction to consider Hernandez's new arguments. So we will deny his petition for review.

## I. BACKGROUND

Hernandez is a native and citizen of Cuba. He arrived in the United States in 1985 and, four years later, became a lawful permanent resident. In January 1994, Hernandez was convicted in New York for selling a controlled substance. In 2002, he was convicted for receiving stolen property. And 2013 brought a conviction for conspiracy to commit theft by deception and a conviction for possession of cocaine with intent to distribute.

Removal proceedings began in 2017, when the United States Department of Homeland Security issued a Notice to Appear enumerating Hernandez's crimes. Hernandez appeared before the Immigration Court, admitted all factual allegations asserted in the Notice, and requested a removal order. The Immigration Court granted Hernandez's request for removal and both parties waived the right to appeal.

Then, a year later, Hernandez changed course and moved to reopen the removal hearing when his 2013 conviction for possession of cocaine with intent to distribute was vacated in state court and he instead pleaded guilty to possession of a controlled dangerous substance. Along with his motion to reopen, Hernandez applied for cancellation of removal under Section 240A(a) of the Immigration and Nationality Act ("INA"), asserting that his 2013 conviction no longer constituted an aggravated felony. Hernandez also applied for

2

relief under former Section 212(c) of the INA seeking to waive his January 1994 conviction. He argued that the vacatur of his 2013 aggravated felony conviction, combined with the waiver of his January 1994 conviction, made him eligible for cancellation of removal. But the Immigration Judge rejected Hernandez's arguments as "mischaracteriz[ing] the statutory and regulatory framework" and denied his motion to reopen. (A.R. at 39.) The BIA affirmed without opinion, stating that the Immigration Judge's decision would be the final agency determination.

## II. HERNANDEZ'S MOTION TO REOPEN WAS PROPERLY DENIED

### A. Our Limited Jurisdiction

"Our jurisdiction is governed by Immigration and Nationality Act (INA) § 242, 8 U.S.C. § 1252, *amended by* the REAL ID Act of 2005, Pub. L. No. 109–13, Div. B, 119 Stat. 231, which authorizes us to review final orders of deportation, exclusion, and removal." *Desai v. Attorney Gen. of U.S.*, 695 F.3d 267, 269 (3d Cir. 2012). When, as here, "a petitioner is removable for having been convicted of an aggravated felony, our jurisdiction is limited to addressing the jurisdictional prerequisite and evaluating constitutional claims or questions of law raised upon a petition for review." *Id.* (internal citations and quotation marks omitted); *see* 8 U.S.C. § 1252(a)(2)(D). What is more, the BIA "retains unfettered discretion" to decline to reopen deportation proceedings. *Desai*, 695 F.3d at 269 (quoting *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 475 (3d Cir. 2003)). So we may exercise only limited jurisdiction to determine whether the BIA has relied on any

3

erroneous legal premise. *Pllumi v. Attorney Gen. of U.S.*, 642 F.3d 155, 160 (3d Cir. 2011).[1]

We see no such error.

## B. The INA Precludes Hernandez's Proposed Combination of Statutory Relief

Hernandez's multiple convictions create a difficult path to avoiding removal. First, he must seek discretionary relief from deportation for his 1994 conviction. And indeed, he can. As the Immigration Judge correctly observed, "[i]t is undisputed that [Hernandez] remains eligible for 212(c) relief as this form of relief was available to him at the time of his January 7, 1994 conviction."[2] (A.R. at 40.) But 212(c) relief for his 1994 conviction does not impact the 2002 and 2013 convictions that separately render him removable under sections 237(a)(2)(B)(i) and 237(a)(2)(A)(ii) of the INA. So Hernandez seeks cancellation of removal under section 240A(a).[3] (A.R. at 40 n.9.)

However, Hernandez is not permitted to obtain *both* forms of relief. The INA provides that an individual is not eligible for cancellation of removal if he "has been granted relief under section 1182(c) of this title [*i.e.*, § 212(c) of the INA], as such section[ ]

---

[1] As the BIA adopted the Immigration Judge's opinion as the final agency determination, we review only that decision. *Pierre v. Att'y Gen.*, 528 F.3d 180, 184 (3d Cir. 2008) (en banc).

[2] When Hernandez was convicted of drug crimes in New York in 1994, § 212(c) of the INA then permitted a lawful permanent resident convicted of a deportable offense to seek discretionary relief from deportation if the prison term served was less than five years, even if the conviction arose from an aggravated felony. *Ponnapula v. Ashcroft*, 373 F.3d 480, 486 (3d Cir. 2004) (citing 8 U.S.C. § 1182 (1994)).

[3] Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, "Congress repealed § 212(c) relief altogether and replaced it with [§ 240A,] a provision that created a new and significantly narrower form of relief called 'cancellation of removal.'" *Id.* (citing 8 U.S.C. § 1229b). Section 240A "relief is now unavailable to any immigrant who was convicted of an aggravated felony, no matter the length of the sentence." *Id.*

4

w[as] in effect before September 30, 1996." 8 U.S.C. § 1229b(c)(6). For that reason, "an alien who has been granted relief under section 212(c) is ineligible for cancellation of removal." *Rodriguez-Munoz v. Gonzales*, 419 F.3d 245, 247–48 (3d Cir. 2005). As a result, even assuming Hernandez gained relief from his 1994 conviction, he cannot seek relief from his later convictions.

What is more, we have observed that "a grant of 212(c) waiver does not nullify the underlying conviction and accordingly, it still exists for purposes of cancellation of removal analysis." *Guzman v. Attorney Gen. U.S.*, 770 F.3d 1077, 1089 (3d Cir. 2014). This is because "[t]he grant of a section 212(c) relief merely waives the finding of deportability rather than the basis of the deportability itself." *Rodriguez-Munoz*, 419 F.3d at 248. So even if Hernandez were granted section 212(c) relief from deportability for his 1994 conviction, and even if he could seek cancellation under § 240A, "that conviction would nonetheless remain an aggravated felony for purposes of precluding his application." *Id.*; *see also Duhaney v. Attorney Gen. of U.S.*, 621 F.3d 340, 353 (3d Cir. 2010).[4]

In sum, Hernandez's argument conflicts with the plain text of the INA. As a result, we will deny his petition for review.

---

[4] Hernandez raises other arguments, but he failed to exhaust those claims before the Immigration Judge. As a result, they are not preserved for our review. *See* 8 U.S.C. § 1252(d)(1); *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003) ("[A]n alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim.").